1  Darryl L. Exum (SBN152063)
   EXUM LAW OFFICES
2  4129 Main St Ste 200
   Riverside, CA 92501
3  (951) 682-2903
   Email: exumlaw@gmail.com
4
   Attorney for Plaintiffs
5

6

7

8

9              **UNITED STATES DISTRICT COURT**

10            **CENTRAL DISTRICT OF CALIFORNIA**

11  JENNY TUCKER AND SHAWN          ) CASE NO. _____
    TUCKER, in each case individually )
12  and as successors in interest to   )
    Matthew Keith Tucker,              ) **COMPLAINT FOR:**
13                                     )
14         Plaintiffs,                 ) (1)  42 U.S.C. § 1983 (Unlawful
                                       )      Detention and Arrest)
15         v.                          ) (2)  42 U.S.C. § 1983 (Unreasonable
                                       )      Search and Seizure – Excessive
16                                     )      Force)
    THE COUNTY OF RIVERSIDE,          ) (3)  42 U.S.C. § 1983 (Unreasonable
17  CALIFORNIA; MICHAEL               )      Search and Seizure – Denial of
    HAMILTON; ROSA CALDERON;          )      Medical Care)
18  and DOES 1-25, inclusive,          )
                                       ) (4)  42 U.S.C. § 1983 (Substantive
19                                     )      Due Process)
20         Defendants.                 ) (5)  42 U.S.C. § 1983 (Municipal
                                       )      Liability –Unconstitutional
21  _____ )      Custom or Practice)
22                                        (6)  Battery (Wrongful Death)
                                          (7)  Negligence (Wrongful Death)
23                                        (8)  Intentional Infliction of Emotional
24                                             Distress
                                          (9)  Negligent Infliction of Emotional
25                                             Distress
26

27                                     **DEMAND FOR JURY TRIAL**

28
                                     1

Plaintiffs Jenny Tucker and Shawn Tucker file this action pursuant to 42 U.S.C. § 1983 and California state law and hereby allege as follows:

### INTRODUCTION

1.     This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the fatal police shooting of Plaintiffs' loved one Matthew Keith Tucker ("DECEDENT") on May 4, 2016.

2.     Defendant MICHAEL HAMILTON proximately caused DECEDENT's and Plaintiffs' injuries by firing shots that killed DECEDENT.

3.     Defendant ROSA CALDERON proximately caused DECEDENT's and Plaintiffs' injuries by firing shots that killed DECEDENT.

4.     Does 1-10 ("DOE DEPUTIES") proximately caused various injuries herein by integrally participating or failing to intervene in the incident, and by engaging in other acts and/ or omissions around the time of the incident.

5.     Defendants COUNTY OF RIVERSIDE and DOES 10-25 also proximately caused various injuries and are liable under state and federal law and under the principles set forth in *Monell v. Department of Social Services*, 436 U.S. 658 (1978.)

6.     This action is in the public interest as Plaintiffs seek by means of this civil rights action to hold accountable those responsible for the killing of Matthew Keith Tucker and to challenge COUNTY OF RIVERSIDE's policy of inaction in the face of grave constitutional violations.

### THE PARTIES

7.     At all relevant times, DECEDENT Matthew Keith Tucker was an individual residing in Riverside County, California.

8.     Plaintiff JENNY TUCKER is a resident of Maricopa County, Arizona and is the mother of DECEDENT.  At all relevant times, plaintiff JENNY TUCKER was a resident of Riverside County, California.  Plaintiff JENNY TUCKER sues in her individual capacity and as successor in interest to DECEDENT.

9.     Plaintiff Shawn Tucker is a resident of Yavapai County, Arizona and is the father of DECEDENT.  Plaintiff SHAWN TUCKER sues in his individual capacity and as successor in interest to DECEDENT.

10.     Defendant COUNTY OF RIVERSIDE is a political subdivision of the State of California that is within this judicial district.  COUNTY OF RIVERSIDE is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the Riverside County Sheriff's Department and its agents and employees.  At all relevant times, Defendant COUNTY OF RIVERSIDE was responsible for assuring that actions, omissions, policies, procedures, practices, and customs of the Riverside County Sheriff's Department and its employees and agents complied with the laws of the United States and the State of California.  At all relevant times, COUNTY OF RIVERSIDE was the employer of Defendants DOES 1-25.

11.     Defendant   MICHAEL   HAMILTON   ("INVESTIGATOR HAMILTON") is an investigator working for the Riverside County Sheriff's Department.  At all relevant times, INVESTIGATOR HAMILTON was acting under color of law within the course and scope of his duties as an investigator working for the Riverside County Sheriff's Department.  At all relevant times, INVESTIGATOR HAMILTON was acting with the complete authority and ratification of his principal, COUNTY OF RIVERSIDE.

12.     Defendant ROSA CALDERON ("DEPUTY CALDERON") is a deputy working for the Riverside County Sheriff's Department.  At all relevant

3

times, DEPUTY HAMILTON was acting under color of law within the course and scope of his duties as an investigator working for the Riverside County Sheriff's Department.  At all relevant times, DEPUTY HAMILTON was acting with the complete authority and ratification of his principal, COUNTY OF RIVERSIDE.

13.    Defendants DOES 1-10 are sheriff's deputies for the Riverside County Sheriff's Department.  At all relevant times, these Defendants were acting under color of law within the course and scope of their duties as Riverside County sheriff's deputies and at other times they were working in their personal capacity as individuals outside the scope of their employment. At all relevant times, DOES 1-10 were acting with the complete authority and ratification of their principal, COUNTY OF RIVERSIDE.

14.    Defendants DOES 10-18 are supervisorial officers for the Riverside County Sheriff's Department who were acting under color of law within the course and scope of their duties as sheriff's deputies for the Riverside County Sheriff's Department.  DOES 10-18 were acting with the complete authority of their principal, COUNTY OF RIVERSIDE.

15.    Defendants DOES 18-25 are managerial, supervisorial, and policymaking employees of the Riverside County Sheriff's Department, who were acting under color of law within the course and scope of their duties as sheriff's deputies for the Riverside County Sheriff's Department.  DOES 18-25 were acting with the complete authority of their principal, COUNTY OF RIVERSIDE.

16.    Plaintiff is ignorant of the true names and capacities of Defendants Does 1-25, and therefore sues these defendants by such fictitious names. Plaintiff will amend the complaint to allege the true names and capacities of those defendants when the same has been ascertained.  Plaintiff is informed believes, and on that basis alleges, that Does 1-25, and each of them, are

4

1   responsible in some manner for the occurrences alleged herein and
2   proximately caused Plaintiff's damages.

3        17.    On information and belief, DOES 1-25 were at all relevant times
4   residents of the County of Riverside.

5        18.    Plaintiff is informed and believes, and on that basis alleges, that
6   Defendants acted at all times mentioned herein as the actual and/or ostensible
7   agents, employees, servants or representatives of each other and, in doing the
8   activities alleged herein, acted within the scope of their authority as agents
9   and employees, and with the permission and consent of each other.

10        19.    Plaintiff is informed and believes, and on that basis alleges, that
11   at all times mentioned herein all Defendants acted under color of law, statute,
12   ordinance, regulations, customs and usages of the State of California and
13   County of Riverside.

14        20.    All Defendants who are natural persons, including DOES 1-25,
15   are sued individually and/or in his/her capacity as officers, deputies,
16   investigators, sergeants, captains, commanders, supervisors, and/ or civilian
17   employees, agents, policy makers, and representatives of the Riverside County
18   Sheriff's Department.

19        21.    Matthew Keith Tucker died as a direct and proximate result of the
20   actions of INVESTIGATOR HAMILTON.  Defendant INVESTIGATOR
21   HAMILTON is directly liable for DECEDENT and Plaintiffs' injuries under
22   federal law pursuant to 42 U.S.C. § 1983 and state law.

23        22.    Matthew Keith Tucker died as a direct and proximate result of the
24   actions of DEPUTY CALDERON.  Defendant DEPUTY CALDERON is
25   directly liable for DECEDENT and Plaintiffs' injuries under federal law
26   pursuant to 42 U.S.C. § 1983 and state law.

27        23.    Mathew Keith Tucker died as a direct and proximate result of the
28   actions of DOES 1-10.  Defendants DOES 1-10 are directly liable for

DECEDENT and Plaintiffs' injuries under federal law pursuant to 42 U.S.C. § 1983 and state law.

24.   Defendants COUNTY OF RIVERSIDE and DOES 10-25 are liable for Plaintiffs' injuries under California law and under the doctrine of *respondeat superior*.  Liability under California law for public entities and public employees is based upon California Government Code §§ 815.2 and 820.

25.   On August 8, 2016, Plaintiff JENNY TUCKER timely filed a claim for damages with the COUNTY OF RIVERSIDE pursuant to applicable sections of the California Government Code.  On August 9, 2016, Plaintiff JENNY TUCKER timely filed an amended claim for damages COUNTY OF RIVERSIDE pursuant to applicable sections of the California Government Code.

26.   On August 8, 2016, Plaintiff SHAWN TUCKER timely filed a claim for damages with the County of Riverside pursuant to applicable sections of the California Government Code.  On August 9, 2016, Plaintiff SHAWN TUCKER timely filed an amended claim for damages COUNTY OF RIVERSIDE pursuant to applicable sections of the California Government Code.

27.   On August 29, 2016, Plaintiff JENNY TUCKER's claim was denied by a written notice of rejection of claim and on September 1, 2016, Plaintiff JENNY TUCKER's amended claim was denied by a written notice of rejection of claim.

28.   On August 29, 2016, Plaintiff SHAWN TUCKER's claim was denied by a written notice of rejection of claim and on September 1, 2016, Plaintiff SHAWN TUCKER's amended claim was denied by a written notice of rejection of claim.

**JURISDICTION AND VENUE**

29.    The Court has jurisdiction over Plaintiffs' federal law claims pursuant to 28 U.S.C. §§ 1331 and 1343 and over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

30.    Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), because all incidents, events, and occurrences giving rise to this action occurred within the County of Riverside, California.

**GENERAL ALLEGATIONS**

31.    Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 30, inclusive, as if fully set forth herein.

32.    DECEDENT Matthew Keith Tucker sustained injuries, including but not limited to pain and suffering, loss of enjoyment of life, and death when he was shot by INVESTIGATOR HAMILTON and DEPUTY CALDERON, both on-duty employees of the Riverside County Sheriff's Department, each of whom was acting under color of law and as an employee or agent of the Riverside County Sheriff's Department.

33.    On May 4, 2015, INVESTIGATOR HAMILTON and DEPUTY CALDERON reported to Plaintiff JENNY TUCKER's house at 32691 Hislop Way in Temecula, California.

34.    INVESTIGATOR HAMILTON and DEPUTY CALDERON arrived to the home after a call was placed to the home.   When INVESTIGATOR HAMILTON and DEPUTY CALDERON arrived at the home, Plaintiff JENNY TUCKER told INVESTIGATOR HAMILTON and DEPUTY CALDERON that DECEDENT was in the garage but did not pose a threat of death or serious bodily injury to anyone.

35.    DEFENDANTS did not stop to assess the situation, inquire about DECEDENT's past medical or psychiatric history, attempt to diffuse the situation, or determine whether there was an immediate need to act.

36.   Plaintiff JENNY TUCKER, her minor daughter, and her minor granddaughter were all present at the house when INVESTIGATOR HAMILTON and DEPUTY CALDERON entered the home.

37.   Rather than clear the home and make sure the individuals inside were safe, and notwithstanding the information INVESTIGATOR HAMILTON and DEPUTY CALDERON had that DECEDENT did not pose a threat to himself or anyone in the house, INVESTIGATOR HAMILTON and DEPUTY CALDERON proceeded straight to the garage.

38.   Within seconds of seeing DECEDENT, INVESTIGATOR HAMILTON and DEPUTY CALDERON shot DECEDENT multiple times while he stood in the garage of his mother's home and did not pose a danger of death or serious bodily injury to anyone.

39.   Plaintiff JENNY TUCKER was within feet of INVESTIGATOR HAMILTON and DEPUTY CALDERON when they killed her son.  She heard the gunfire and heard her son ask INVESTIGATOR HAMILTON and DEPUTY CALDERON for his mother while he lay dying.

40.   The use of deadly force against DECEDENT was excessive and objectively unreasonable under the circumstances, especially because DECEDENT did not pose an immediate threat of death or serious bodily injury to anyone at the time of the shooting.  INVESTIGATOR HAMILTON and DEPUTY CALDERON discharged their firearms with a purpose to harm unrelated to any legitimate law enforcement objective.

41.   Plaintiff JENNY TUCKER is DECEDENT's successor in interest as defined in California Code of Civil Procedure section 377.11 and succeeds to DECEDENT's interest in this action as one of the parents of DECEDENT.

42.   Plaintiff SHAWN TUCKER is DECEDENT's successor in interest as defined in California Code of Civil Procedure section 377.11 and

1  succeeds to DECEDENT's interest in this action as one of the parents of
2  DECEDENT.

3  ### FIRST CAUSE OF ACTION

4  (42 U.S.C. § 1983 (Unlawful Detention and Arrest))

5  (BY PLAINTIFFS AGAINST INVESTIGATOR HAMILTON, DEPUTY
6  CALDERON AND DOES 1-10)

7      43.   Plaintiffs repeat and reallege each and every allegation of
8  paragraphs 1 through 42, inclusive, as if fully set forth herein.

9      44.   Plaintiffs bring this claim for relief in their capacity as the
10  successors in interest of the DECEDENT, for whom there is no estate opened,
11  under California Code of Civil Procedure § 377.30.  This claim for relief arose
12  in the DECEDENT's favor, and DECEDENT would have been the plaintiff
13  with respect to this cause of action had he lived.

14      45.   The arrest of DECEDENT was without probable cause and
15  deprived DECEDENT of his right to be secure in his person against
16  unreasonable searches and seizures guaranteed by the Fourth Amendment to
17  the U.S. Constitution, as applied to the states by the Fourteenth Amendment,
18  in violation of 42 U.S.C. § 1983.

19      46.   As a direct result of the aforesaid acts and omissions of
20  INVESTIGATOR HAMILTON, DEPUTY CALDERON, and DOES 1-10,
21  DECEDENT suffered great physical and mental injury, fear and emotional
22  distress leading to his death and the loss of enjoyment of life and earning
23  capacity, in an amount according to proof.

24      47.   The conduct of INVESTIGATOR HAMILTON, DEPUTY
25  CALDERON, and DOES 1-10 alleged above was willful, wanton, malicious,
26  and done with reckless disregard for the rights and safety of DECEDENT and
27  warrants the imposition of exemplary damages in an amount according to
28  proof.

48.   INVESTIGATOR HAMILTON, DEPUTY CALDERON, and DOES 1-10 were acting under color of state law.

49.   Plaintiffs seek both survival and wrongful death damages under this claim.

50.   Plaintiffs seek damages for DECEDENT's pain and suffering and loss of enjoyment of life under this claim.

51.   Plaintiffs also seek burial expenses and attorney fees under this claim.

**SECOND CAUSE OF ACTION**

(42 U.S.C. § 1983 (Unreasonable Search and Seizure – Excessive Force))
(BY PLAINTIFFS AGAINST INVESTIGATOR HAMILTON, DEPUTY CALDERON AND DOES 1-10)

52.   Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 51, inclusive, as if fully set forth herein.

53.   Plaintiffs bring this claim for relief in their capacity as the successors in interest of the DECEDENT, for whom there is no estate opened, under California Code of Civil Procedure § 377.30.  This claim for relief arose in the DECEDENT's favor, and DECEDENT would have been the plaintiff with respect to this cause of action had he lived.

54.   The arrest of DECEDENT was without probable cause and deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment to the U.S. Constitution, as applied to the states by the Fourteenth Amendment, in violation of 42 U.S.C. § 1983.

55.   As a direct result of the aforesaid acts and omissions of INVESTIGATOR HAMILTON, DEPUTY CALDERON, and DOES 1-10, DECEDENT suffered great physical and mental injury, fear and emotional distress leading to his death and the loss of enjoyment of life and earning capacity, in an amount according to proof.

56.    The   conduct   of   INVESTIGATOR   HAMILTON,   DEPUTY CALDERON, and DOES 1-10 alleged above was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and warrants the imposition of exemplary damages in an amount according to proof.

57.    INVESTIGATOR   HAMILTON,   DEPUTY   CALDERON,   and DOES 1-10 were acting under color of state law.

58.    Plaintiffs seek both survival and wrongful death damages under this claim.

59.    Plaintiffs seek damages for DECEDENT's pain and suffering and loss of enjoyment of life under this claim.

60.    Plaintiffs also seek burial expenses and attorney fees under this claim.

### THIRD CAUSE OF ACTION
(42 U.S.C. § 1983 (Unreasonable Search and Seizure – Denial of Medical Care))
(BY PLAINTIFFS AS SUCCESSORS IN INTEREST TO DECEDENT AGAINST INVESTIGATOR HAMILTON, DEPUTY CALDERON AND DOES 1-10)

61.    Plaintiffs   repeat   and   reallege   each   and   every   allegation   of paragraphs 1 through 60, inclusive, as if fully set forth herein.

62.    Plaintiffs   bring   this   claim   for   relief   in   their   capacity   as   the successors in interest of the DECEDENT, for whom there is no estate opened, under California Code of Civil Procedure § 377.30.  This claim for relief arose in the DECEDENT's favor, and DECEDENT would have been the plaintiff with respect to this cause of action had he lived.

63.    The denial of medical care by INVESTIGATOR HAMILTON, DEPUTY CALDERON, and DOES 1-10 deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures guaranteed

by the Fourth Amendment to the U.S. Constitution, as applied to the states by the Fourteenth Amendment, in violation of 42 U.S.C. § 1983.

64.    As a direct result of the aforesaid acts and omissions of INVESTIGATOR HAMILTON, DEPUTY CALDERON, and DOES 1-10, DECEDENT suffered great physical and mental injury, fear and emotional distress leading to his death and the loss of enjoyment of life and earning capacity, in an amount according to proof.

65.    The conduct of INVESTIGATOR HAMILTON, DEPUTY CALDERON, and DOES 1-10 alleged above was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and warrants the imposition of exemplary damages in an amount according to proof.

66.    INVESTIGATOR HAMILTON, DEPUTY CALDERON, and DOES 1-10 were acting under color of state law.

67.    Plaintiffs seek both survival and wrongful death damages under this claim.

68.    Plaintiffs seek damages for DECEDENT's pain and suffering and loss of enjoyment of life under this claim.

69.    Plaintiffs also seek burial expenses and attorney fees under this claim.

### FOURTH CAUSE OF ACTION

(42 U.S.C. § 1983 (Due Process – Interference with Familial Relationship))
(BY PLAINTIFFS INDIVIDUALLY AND AS SUCCESSORS IN INTEREST TO DECEDENT AGAINST INVESTIGATOR HAMILTON, DEPUTY CALDERON AND DOES 1-10)

70.    Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 69, inclusive, as if fully set forth herein.

71.    Plaintiffs JENNY TUCKER and SHAWN TUCKER had a cognizable interest under the Due Process Clause of the Fourteenth

Amendment of the United States Constitution to be free from state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in Plaintiffs' familial relationships with their son.

72.    The aforementioned actions of INVESTIGATOR HAMILTON, DEPUTY CALDERON, and DOES 1-10, along with other undiscovered conduct, show the conscience in that they acted with deliberate indifference to the constitutional rights of DECEDENT and Plaintiffs, and with a purpose to harm unrelated to any legitimate law enforcement objective.

73.    As a direct and proximate cause of the above acts of INVESTIGATOR HAMILTON, DEPUTY CALDERON, and DOES 1-10, DECEDENT lost his life.

74.    INVESTIGATOR HAMILTON, DEPUTY CALDERON, and DOES 1-10 acted under color of state law.

75.    INVESTIGATOR HAMILTON, DEPUTY CALDERON, and DOES 1-10 thus violated the substantive due process rights of Plaintiffs to be free from unwarranted interference with their familial relationship with DECEDENT.

76.    As a direct and proximate cause of the acts of INVESTIGATOR HAMILTON, DEPUTY CALDERON, and DOES 1-10, Plaintiffs suffered emotional distress, mental anguish, and pain.   Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT and will continue to be so deprived for the remainder of their natural lives.

77.    The conduct of INVESTIGATOR HAMILTON, DEPUTY CALDERON, and DOES 1-10 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and Plaintiffs and

therefore warrants the imposition of exemplary and punitive damages as to INVESTIGATOR HAMILTON, DEPUTY CALDERON, and DOES 1-10.

78. Plaintiffs bring this claim individually and as successors in interest to DECEDENT, and seek wrongful death and survival damages for the violation of DECEDENT's rights.

79. Plaintiffs also seek attorney fees under this claim. Plaintiffs are also claiming funeral and burial expenses.

**FIFTH CAUSE OF ACTION**
(42 U.S.C. § 1983 (Municipal Liability – Unconstitutional Custom or Policy))
(BY PLAINTIFFS AGAINST COUNTY OF RIVERSIDE)

80. Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 79, inclusive, as if fully set forth herein.

81. INVESTIGATOR HAMILTON, DEPUTY CALDERON, and DOES 1-10 acted under color of state law.

82. INVESTIGATOR HAMILTON, DEPUTY CALDERON, and DOES 1-10 acted pursuant to an expressly adopted official policy or longstanding practice or custom of the Defendant COUNTY OF RIVERSIDE.

83. On information and belief, INVESTIGATOR HAMILTON, DEPUTY CALDERON, and DOES 1-10 were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with DECEDENT's death.

84. Defendants COUNTY OF RIVERSIDE and DOES 10-25, together with other COUNTY OF RIVERSIDE policymakers and supervisors, maintained, inter alia, the following unconstitutional customs, practices, and policies:

(a) Using excessive force;

(b) Providing inadequate training regarding the use of deadly force;

(c) Employing and retaining as police officers individuals such as INVESTIGATOR HAMILTON, DEPUTY CALDERON, and DOES 1-10, who Defendant COUNTY OF RIVERSIDE at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force;

(d) Inadequately supervising, training, controlling, assigning, and disciplining COUNTY OF RIVERSIDE deputies, and other personnel, including INVESTIGATOR HAMILTON, DEPUTY CALDERON, and DOES 1-10, who COUNTY OF RIVERSIDE knew or in the exercise of reasonable care should have known had the aforementioned propensities or character traits;

(e) Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by COUNTY OF RIVERSIDE INVESTIGATOR HAMILTON, DEPUTY CALDERON, and DOES 1-10 acted under color of state law.

(f) Failing to adequately discipline COUNTY OF RIVERSIDE sheriff's deputies and investigators for the above-mentioned categories of misconduct, including inadequate discipline that is tantamount to encouraging misconduct;

(g) Announcing that unjustified shootings are "within policy" even when they are later determined in court to be unconstitutional and refusing to discipline, terminate and retrain officers involved in unconstitutional conduct;

(h) Maintaining a policy of inaction and an attitude of indifference towards police shootings, including by failing to discipline,

15

retrain, investigate, terminate, and recommend officers for criminal prosecution who participate in shootings.

85. By reason of the aforementioned acts and omissions, Plaintiffs have suffered loss of love, companionship, affection, comfort, care, and society. The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

86. Defendants COUNTY OF RIVERSIDE and DOES 10-25, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged herein. Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of DECEDENT, Plaintiffs, and other individuals similarly situated.

87. By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants DOES 10-25 acted with intentional, reckless, and callous disregard for the life of DECEDENT and for DECEDENT's and Plaintiffs' constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and tolerated by Defendants COUNTY OF RIVERSIDE and DOES 10-25 were affirmatively linked to and were a significantly influential force behind the injuries of DECEDENT and Plaintiffs.

88. The acts of each of Defendants DOES 10-25 were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities, and therefore warrants imposition of exemplary and punitive damages as to DOES 10-25.

89.     By reason of the aforementioned acts and omissions of Defendants COUNTY and DOES 10-25, Plaintiffs were caused to incur funeral and related burial expenses.

90.     By reason of the aforementioned acts and omissions of Defendants COUNTY OF RIVERSIDE and DOES 10-25, Plaintiffs have suffered loss of love, companionship, comfort, care and society.

91.     Accordingly, Defendants COUNTY OF RIVERSIDE and DOES 10-25 each are liable for compensatory damages under 42 U.S.C. § 1983.

92.     Plaintiffs bring this claim in each case individually and as successors in interest to DECEDENT and in each case seek both survival and wrongful death damages under this claim.

93.     Plaintiffs also seek attorney fees under this claim and are also claiming funeral and burial expenses. (WHAT ARE THEY)

**SIXTH CAUSE OF ACTION**
(Cal. Govt. Code § 820 and California Common Law (Battery – Wrongful Death))
(BY PLAINTIFFS AGAINST ALL DEFENDANTS)

94.     Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 93, inclusive, as if fully set forth herein.

95.     INVESTIGATOR HAMILTON, DEPUTY CALDERON, and DOES 1-10, while working as an investigator and deputy, respectively, for the Riverside County Sheriff's Department, and acting within the course and scope of their duties, intentionally shot DECEDENT multiple times.  As a result of the actions of INVESTIGATOR HAMILTON, DEPUTY CALDERON, and DOES 1-10, DECEDENT died.  INVESTIGATOR HAMILTON, DEPUTY CALDERON, and DOES 1-10 had no legal justification for using deadly force against DECEDENT,and INVESTIGATOR HAMILTON, DEPUTY CALDERON, and DOES 1-10's

1   use of force while carrying out his duties as a sheriff's deputy was an

2   unreasonable use of force under the circumstances.

3       96.   As a direct and proximate result of the conduct of

4   INVESTIGATOR HAMILTON, DEPUTY CALDERON, and DOES 1-10 as

5   alleged above, Plaintiffs have been deprived of the life-long love,

6   companionship, comfort, support, society, care and sustenance of

7   DECEDENT, and will continue to be so deprived for the remainder of their

8   natural lives.

9       97.   Defendant DOES 10-25, inclusive, are directly liable and

10   responsible for the acts of Defendants INVESTIGATOR HAMILTON,

11   DEPUTY CALDERON, and DOES 1-10 because DOES 10-25, inclusive,

12   failed to adequately train, discipline, supervise, or in any other was control

13   INVESTIGATOR HAMILTON, DEPUTY CALDERON, and DOES 1-10 in

14   the exercise of their unlawful use of excessive and lethal force.

15       98.   The COUNTY OF RIVERSIDE is vicariously liable for the

16   wrongful acts of INVESTIGATOR HAMILTON, DEPUTY CALDERON, and

17   DOES 1-10 pursuant to section 815.2 of the California Government Code,

18   which provides that a public entity is liable for injuries caused by its

19   employees within the scope of the employment is the employees' acts would

20   subject them to liability.

21       99.   Plaintiffs JENNY TUCKER and SHAWN TUCKER bring this

22   claim as successors in interest to DECEDENT and seek wrongful death

23   damages for the violation of DECEDENT's rights.

24       100.   Plaintiffs are claiming funeral and burial expenses.  Plaintiffs also

25   seek attorney fees under this claim pursuant to California Code Civ. Proc. §

26   1021.5.

27

28

**SEVENTH CAUSE OF ACTION**
(Cal. Govt. Code § 820 and California Common Law (Negligence – Wrongful Death))
(BY PLAINTIFFS AGAINST ALL DEFENDANTS)

101.   Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 100, inclusive, as if fully set forth herein.

102.   The actions and inactions of Defendants were negligent and reckless, including but not limited to:

   (a) the failure to properly and adequately assess the need to use force or deadly force against DECEDENT;

   (b) the negligent tactics and handling of the situation with DECEDENT, including pre-shooting negligence;

   (c) the negligent detention, arrest, and use of force, including deadly force, against DECEDENT;

   (d) the failure to properly train and supervise employees, both professional and non-professional, including INVESTIGATOR HAMILTON, DEPUTY CALDERON, and DOES 1-10;

   (e) the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs and protect the rights of DECEDENT;

   (f) the negligent handling of evidence and the negligent investigation of the shooting of DECEDENT.

   (g) the failure to provide prompt medical care to DECEDENT.

103.   As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT was caused to suffer severe pain and suffering and ultimately died and lost his earning capacity.  Plaintiffs have been deprived of the life-long love, companionship, and society of  DECEDENT, and will continue to be so deprived for the remainder of their natural lives;

104.  The COUNTY OF RIVERSIDE is vicariously liable for the wrongful acts of INVESTIGATOR HAMILTON, DEPUTY CALDERON, and DOES 1-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employees' act would subject hum or her to liability.

105.  Plaintiff JENNY TUCKER brings this claim as a successor in interest to DECEDENT and seeks wrongful death damages under state law.

106.  Plaintiff SHAWN TUCKER brings this claim as successor in interest to DECEDENT and seeks wrongful death damages under state law.

107.  Plaintiffs are claiming funeral and burial expenses.

108.  Plaintiffs seek attorney fees under this claim pursuant to California Code of Civil Procedure § 1021.5.

### EIGHTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress)
(BY PLAINTIFF JENNY TUCKER AGAINST DEFENDANTS INVESTIGATOR HAMILTON, DEPUTY CALDERON, DOES 1-10, AND THE COUNTY OF RIVERSIDE)

109.  Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 108, inclusive, as if fully set forth herein.

110.  INVESTIGATOR HAMILTON, DEPUTY CALDERON, and DOES 1-10 were aware of the presence of plaintiff JENNY TUCKER when they shot the DECEDENT.  By shooting her son in her presence, despite the absence of any threat of harm to them or any other person, defendants INVESTIGATOR HAMILTON, DEPUTY CALDERON, and DOES 1-10 engaged in extreme and outrageous conduct with the intention of causing, or reckless disregard of the possibility of causing, emotional distress to Plaintiff JENNY TUCKER.

111. As an actual and direct result of such conduct defendants INVESTIGATOR HAMILTON, DEPUTY CALDERON, and DOES 1-10 caused plaintiff JENNY TUCKER to suffer severe emotional distress.

112. Defendant COUNTY OF RIVERSIDE is vicariously liable for the wrongful acts of defendants INVESTIGATOR HAMILTON, DEPUTY CALDERON, and DOES 1-10 pursuant to California Government Code § 815.2(a), which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

113. The conduct of defendants INVESTIGATOR HAMILTON, DEPUTY CALDERON, and DOES 1-10 alleged above was willful, wanton, malicious, and done with reckless disregard for the rights and safety of plaintiff JENNY TUCKER and therefore warrants the imposition of exemplary damages in an amount according to proof sufficient to punish and make an example of defendants INVESTIGATOR HAMILTON, DEPUTY CALDERON, and DOES 1-10.

## NINTH CAUSE OF ACTION
(Negligent Infliction of Emotional Distress)
(BY PLAINTIFF JENNY TUCKER AGAINST DEFENDANTS INVESTIGATOR HAMILTON, DEPUTY CALDERON, DOES 1-10, AND THE COUNTY OF RIVERSIDE)

114. Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 113, inclusive, as if fully set forth herein.

115. The shooting of DECEDENT by INVESTIGATOR HAMILTON, DEPUTY CALDERON, and DOES 1-10 in front of plaintiff JENNY TUCKER, and the failure of INVESTIGATOR HAMILTON, DEPUTY CALDERON, and DOES 1-10 to render prompt medical care and treatment to DECEDENT, was negligent.

116.   As an actual and direct result of said conduct, defendants INVESTIGATOR HAMILTON, DEPUTY CALDERON, and DOES 1-10 caused plaintiff JENNY TUCKER to suffer pain, emotional distress, and other damages.

117.   Defendant COUNTY OF RIVERSIDE is vicariously liable for the wrongful acts of Defendants INVESTIGATOR HAMILTON, DEPUTY CALDERON, and DOES 1-10 pursuant to California Government Code § 815.2(A), which provides that a public entity is liable for the injuries caused by employees within the scope of employment if the employee's act would subject him or her to liability.

# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment as follows:

1.  For compensatory damages, including both survival damages and wrongful death damages under federal and state law, according to proof at trial;

2.  For funeral and burial expenses;

3.  For punitive and exemplary damages against the individual defendants in an amount to be proven at trial;

4.  For attorney's fees;

5.  For costs of suit and interest incurred herein; and

6.  For such other and further relief as the Court may deem just and proper.

Dated:  October 27, 2016

By:  /s/ Darryl L. Exum
DARRYL L. EXUM
*Attorney for Plaintiffs*

1

## **DEMAND FOR JURY TRIAL**

2

Plaintiffs hereby submit this demand that this action be tried in front of a jury.

3

Dated:  October 27, 2016

4

5

By:  /s/ Darryl L. Exum

6

DARRYL L. EXUM

7

*Attorney for Plaintiffs*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28